IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| POTOMAC RIVERKEEPER INC. d/b/a POTOMAC RIVERKEEPER NETWORK, | * | |
| | * | |
| *Plaintiff*, | | |
| | * | Civil Action No. 1:20-cv-778 |
| v. | | |
| | * | |
| VERSO LUKE LLC, *et al.*, | | |
| | * | |
| *Defendants*. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MARYLAND DEPARTMENT OF THE ENVIRONMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE**

The State of Maryland, through its administrative agency the Maryland Department of the Environment ("Department"), moves for leave to intervene in the above-captioned proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure. Plaintiff Potomac Riverkeeper Network ("PRKN") consents to the Department's intervention. Counsel for the Department reached out to Defendants' counsel to discuss MDE's intervention in this action on May 22, 2020 and May 26, 2020, but has not heard back regarding Verso's position as of the filing of this motion. As grounds for this motion, the Department states as follows:

**BACKGROUND**

On March 24, 2020, PRKN filed this lawsuit seeking relief under the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B). PRKN alleges ongoing violations of RCRA at the Luke Paper Mill related to the discharge or release of Mill wastes into the North Branch Potomac River (the

"River").  PRKN alleges that Defendants' handling of the wastes generated at the Mill has created an imminent and substantial endangerment to health and the environment within the State of Maryland.

The imminent and substantial endangerment that is the subject of this action is occurring within the State of Maryland, which encompasses the North Branch Potomac River to the low water mark on the southern shore.

The Department, through regulation, has designated the River as a Use Class I-P waterway, meaning that certain water quality standards apply to protect the stream for water contact recreation, aquatic life, and use as a public water supply.  Code of Maryland Regulations ("COMAR") 26.08.02.03, .08R.

Proposed Intervenor-Plaintiff Maryland Department of the Environment is the State agency within the Executive Branch of the State of Maryland.  The Secretary of the Environment is responsible for the environmental interests of the people of the State of Maryland and supervises the administration of the environmental laws of the State, including enforcing the provisions of the Environment Article of the Annotated Code of Maryland and the rules and regulations adopted under the Environment Article.  Md. Code Ann., Envir. §§ 1-301(a), 1-402(b)(4).

## STANDARD FOR INTERVENTION

Rule 24 of the Federal Rules of Civil Procedure governs intervention.  Rule 24(a) provides that:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the

> action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

> Rule 24(b)(1) provides for permissive intervention.  This provision states that:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).

## ARGUMENT

The Department meets the requirements for intervention.  The Department is entitled to intervene under Rule 24(a)(2) because the subject of this action is the immediate and substantial endangerment of the natural resources of the State of Maryland, and any disposition of this action may impair the State's ability to protect its interest in those resources.  Further, the existing parties do not adequately represent the State's interest.  While PKRN brought suit to protect its members' use and enjoyment of the River, the Department has a broader mandate that encompasses preservation of the River for all Marylanders, including ensuring that the River is safe for recreation, aquatic life, and use as a public water supply.  Envir. §§ 1-301(a), 1-402(b)(4); COMAR 26.08.02.03, .08R.  The State's role as owner of the resource and the Department's role as the State's environmental regulator indicate that no party to this action can adequately represent the State's interests in this litigation.

The Department is also entitled to intervene under Rule 24(a)(1) because RCRA provides the Department with an unconditional right to intervene in this action.  RCRA

provides that, for imminent and substantial endangerment actions, "any person may intervene as a matter of right when the applicant claims an interest relating to the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the Administrator or the State shows that the applicant's interest is adequately represented by existing parties." 42 U.S.C. § 6972(b)(2)(E); *State of Del. Dep't of Natural Resources & Environmental Control v. Mountaire Farms of Del., Inc.*, 375 F.Supp. 3d 522, (D. Del. 2019) (finding that 42 U.S.C. § 6972(b)(2)(E) provides the circumstances in which Rule 24(a) intervention of right is appropriate in a RCRA action); *see also* 42 U.S.C. § 6903(1) (defining "Administrator" as the Administrator of the Environmental Protection Agency). As discussed above, the State of Maryland has an interest at issue in this action and this interest may be impaired if the Department is not allowed to intervene. In addition, the Administrator of the Environmental Protection Agency is not participating in this action, and no other party is able, or even allowed, to show that the Department's interest is adequately represented by existing parties. *See* 42 U.S.C. § 6972(b)(2)(E) (indicating that only the Administrator or the State could show that a would-be intervenor's interests were adequately represented); *see also Waterkeepers v. Wheeler*, 330 F.R.D. 1, 8 (D.D.C. 2018) (States generally have a protectible legal interest in enforcing state laws and in regulating waste within their border). Thus, RCRA gives the Department an unconditional right to intervene in this action.

Although the Department has the right to intervene under Rule 24(a), the Department also qualifies for permissive intervention under Rule 24(b)(1). If permitted to intervene under Rule 24(b)(1)(B), the Department will bring claims that raise the same

4

questions of law and fact that are already at issue in this action. This includes claims that the State of Maryland's resources have been and are being endangered by the conduct of the Defendants. Additionally, even if 42 U.S.C. § 6972(b)(2)(E) did not give the Department an unconditional right to intervene, that federal statute provides a conditional right upon which the Department's motion to intervene should be granted under Rule 24(b)(1)(A).

Furthermore, this motion is timely, as this motion is made at an early stage of this litigation. PRKN filed its complaint on March 24, 2020, and as of date of filing this motion, Defendants have not answered and no discovery or court proceedings have taken place. As a result, no delay or prejudice would result from the Department's participation in this action. The Department's participation will ensure that all relevant material and arguments are brought to the Court's attention.

Considerations of judicial economy also demonstrate that intervention is appropriate here. As set forth in the Department's Proposed Complaint In Intervention, *see* Exhibit A, the Department seeks to bring state law claims related to the RCRA action that form part of the same case and controversy to be resolved in this action. *See* 28 U.S.C. § 1367(a). Thus, intervention would avoid duplication and allow one court to resolve all claims arising from a common nucleus of operative fact.

A proposed order is attached.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

____/s/_____
MATTHEW ZIMMERMAN
District of Maryland Bar No: 01222
Assistant Attorney General
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
(410) 537-3452
(410) 537-3943 (facsimile)
Matthew.zimmerman@maryland.gov
(signed by Patricia Tipon with permission of Matthew Zimmerman)


_____/s/_____
PATRICIA V. TIPON
District of Maryland Bar No: 28786
Assistant Attorney General
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
(410) 537-3061
(410) 537-3943 (facsimile)
patricia.tipon@maryland.gov